■ SAMUEL GONZALEZ, Appellant, v GLORIA GORDON, Doing Business as CADO CAPITAL Co., et al., Respondents.—Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about December 29, 1989, which, *inter alia,* denied plaintiff's motion to compel defendant Aaron Gelbwaks to submit to oral deposition, is unanimously reversed to the extent appealed from, on the law, the facts and in the exercise of discretion, and the motion to compel such deposition granted, without costs or disbursements.

Plaintiff commenced this action against defendant Aaron Gelbwaks, his former attorney, and others. His new counsel filed a formal complaint with the Departmental Disciplinary Committee of the First Department (DDC) on the basis of the same acts alleged against defendant Gelbwaks in the complaint. The IAS court denied plaintiff's motion to compel the deposition of defendant and suspended such discovery pending completion of the DDC inquiry.

This was an improvident exercise of discretion under the circumstances herein. The pendency of a complaint in the DDC made by an adversary in civil litigation does not, per se, warrant a stay of discovery of the attorney in the related civil litigation. A contrary rule would be inimical to the dual goals of affording swift relief and of protecting the public from attorneys' misconduct. Concur—Kupferman, J. P., Asch, Kassal and Smith, JJ.